**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JENA JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION NO: |
| v. | ) |
| | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT

1. This is an action for damages brought by an individual consumer, Jena Jackson, against Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

2. Ms. Jackson is a pre-kindergarten teacher, and she has a twin sister.

3. They are different people with different first names, middle names, social security numbers, address histories, jobs, states of residence, debts, and lives.

4. Nonetheless, when Plaintiff has sought financing for purchasing a car to take her to and from school, Defendant has mixed Ms. Jackson's sister's credit and personal information into Ms. Jackson's credit file, and it has refused to delete

the information despite notice from both Ms. Jackson and her sister. In mixing Ms. Jackson's sister's information into Ms. Jackson's credit file, Defendant has created false impressions amongst Ms. Jackson's creditors as to her credit worthiness.

5. This lawsuit is based on Defendant's repeated failure to comply with federal law requirements relating to credit reporting.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this Court under 28 U.S.C. § 1391 as Defendant is headquartered in this district and it regularly conducts business in this district, including contracting to supply goods and services in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

8. Ms. Jackson is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it is headquartered in and conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

10. When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

11. Congress recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

12. The FCRA requires that when a CRA prepares a credit report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

13. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is

accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation. If information cannot be verified as accurate, the CRA "shall . . . promptly delete that item of information from the file of the consumer[.]" 15 U.S.C. § 1681i(a)(5)(i). The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

14. In or about December 2023, Ms. Jackson discovered that Defendant was reporting her sister's information in Ms. Jackson's credit reports, including her sister's personal information, credit accounts and other information.

15. In particular, in December 2023, Ms. Jackson was trying to obtain a car loan so she could purchase a car to take her to and from school. She was denied the loan because the potential creditor told her that when it entered her information to obtain a consumer report, Defendant's consumer report that it received in response

showed that she already had a loan with Capital One.  The creditor also showed Ms. Jackson the Equifax consumer report.

16. Defendant's consumer report was inaccurate.  Ms. Jackson did not have a car loan with Capital One.  Ms. Jackson's sister had the car loan with Capital One.

17. Defendant was mixing Ms. Jackson's sister's credit and other information into Ms. Jackson's credit file even though they have different first names, middle names, social security numbers, address histories, states of residence, and employers.

18. For example, Ms. Jackson's name is Jena Mollie.  Ms. Jackson's sister's name is Jennifer Denise.

19. Ms. Jackson lives in Alabama.  Ms. Jackson's sister lived in Ohio.

20. Ms. Jackson and her sister have different social security numbers.

21. This erroneous information that Defendant was reporting misstates Ms. Jackson's credit history and negatively impacts her credit score and her ability to obtain credit.

22. Ms. Jackson filed a dispute with Defendant in December 2023, shortly after the car dealership incident.

23. In her dispute with Defendant, and in an effort to show Defendant that she was not her sister, Ms. Jackson sent to Defendant her driver's license, social security card, and birth certificate.

24. Defendant received Ms. Jackson's dispute.

25. Defendant did not conduct a reasonable reinvestigation into some or all of Ms. Jackson's dispute.

26. Defendant did not remove Ms. Jackson's sister's credit and personal information from Ms. Jackson's credit file.

27. Additionally, upon information and belief, Ms. Jackson's sister filed her own dispute with Defendant.

28. Upon information and belief, Defendant failed to correct Ms. Jackson's sister's credit file as well.

29. On March 26, 2024 – still in need of financing to get her a car to travel to and from school – Ms. Jackson tried yet again to get Defendant to correct its records by filing a second dispute.

30. This second dispute represented at least the third time that Defendant had been alerted to its errors, as Ms. Jackson's sister had filed her own disputes.

31. In this latest dispute, Ms. Jackson told Defendant that, again, it was reporting her sister's name, social security number, employer, Ohio address, multiple credit accounts, and several hard inquiries as belonging to Ms. Jackson.

32. Ms. Jackson told Defendant in her dispute that "[m]y name is Jena Jackson, not Jennifer Jackson. Jennifer is my twin sister and you have my information, accounts and inquiries mixed with hers. You're sending her information when I apply for car loans! My ssn is ***-**-****, not ***-**-****."

33. Each of the disputed inquiries represented an instance in which Defendant furnished Ms. Jackson's credit report in connection with transactions that did not involve Ms. Jackson.

34. Each of these inquiries represented an instance in which Defendant furnished Ms. Jackson's private and confidential information to third parties without her consent.

35. These inquiries misstate Ms. Jackson's credit history and negatively impact her credit score.

36. Defendant received Ms. Jackson's second dispute.

37. Defendant did not conduct a reasonable reinvestigation into some or all of Ms. Jackson's dispute.

38. Defendant did not remove all of Ms. Jackson's sister's credit and personal information from Ms. Jackson's credit file.

39. For example, even though Ms. Jackson informed Defendant fourteen times in her second dispute of her correct social security number, and she had sent Defendant a copy of her social security card, Defendant failed to remove Ms. Jackson's sister's social security number from Ms. Jackson's credit file.

40. After deleting some of Ms. Jackson's sister's information from Ms. Jackson's file, Defendant was on clear notice that it had mixed her sister's information into her credit file.

41. Nevertheless, Defendant did not reinvestigate any of the disputed inquiries.

42. Instead, Defendant told Ms. Jackson that "[i]nquiries are a factual record of file access and will remain on the Equifax credit file for two years from the reported date of the inquiry."

43. Defendant has long been on notice that the FCRA requires it to reinvestigate disputed inquiries.

44. The plain language of the statute requires a reasonable reinvestigation of "the completeness or accuracy of *any item* of information contained in a

consumer's file" that is disputed by the consumer. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

45. Regulatory guidance from the Federal Trade Commission further reinforced the obligations for CRAs to reinvestigate disputed inquiries:

> When a CRA receives a dispute from a consumer alleging that an inquiry that appears in his/her file was not made by a person who had a permissible purpose for obtaining the consumer report, and those allegations are supported by the CRA investigation, the CRA has two options. It may either delete the inquiry as inaccurate, or amend the file to make the item 'complete' by reflecting clearly that the inquiry was generated by a party who did not have a permissible purpose to obtain a consumer report on the consumer.

*40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations*, Federal Trade Commission, 2011 WL 3020575, at *69 (2011).

46. This Court has also ruled that Defendant must reinvestigate disputed inquiries:

> More than simply comporting with the plain language of the statute, [requiring reinvestigation of inquiry disputes] best serves to advance the purpose of FCRA's reinvestigation requirements—ensuring the accuracy of the information used by creditors to determine a consumer's creditworthiness. As the Eleventh Circuit has noted, the standard of accuracy imposed by the FCRA 'should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting.' The interests of consumers and potential creditors are best served by deletion of hard

>inquiries that Equifax itself admits 'misstate[ ]' the consumer's credit history. Consumer's credit scores are negatively impacted by fraudulent or inaccurate credit inquiries, and creditors are provided with an inaccurate portrait of the consumer's credit history. The only entity that benefits is Equifax, which does not have to expend resources reinvestigating disputed credit inquiries.

*Steed v. Equifax*, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016) (*citing Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991)).

47. Despite all this notice, Defendant has made a calculated business decision not to reinvestigate consumer disputes of inquiries.

48. As a result of this calculated business decision, Defendant did not reinvestigate or delete Ms. Jackson's disputed inquiries.

49. Because of Defendant's actions, Ms. Jackson has been denied credit.

50. Throughout 2023 and 2024, Ms. Jackson has been trying to purchase a car so that she could have transportation to get to and from her pre-kindergarten teaching job.

51. Each time, her financing application has been denied.

52. Her financing applications have been denied because Defendant persists in reporting Ms. Jackson's sister's credit and personal information as belonging to Ms. Jackson, even though it knows that its consumer reports are inaccurate.

53. Because of Defendant's insertion of Ms. Jackson's sister's information in Ms. Jackson's credit file, and Defendant's failure to correct its errors, Ms. Jackson has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with her normal and usual activities.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681i(a))

54. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

55. After Plaintiff submitted her disputes, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit files.

56. After Plaintiff submitted her disputes, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

57. After Plaintiff submitted her disputes, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the disputed inaccurate

information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

58. As a result of these violations of 15 U.S.C. § 1681i(a)), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

59. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b))

61. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

62. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

63. Defendant reported information that it had reason to know was inaccurate.

64. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

65. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

66. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

67. As a result of these violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

68. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

69. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs of the action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: April 16, 2024

By: /s/ Andrew Weiner
Jeffrey B. Sand

                          Andrew L. Weiner
                          WEINER & SAND LLC
                          800 Battery Avenue SE
                          Suite 100
                          Atlanta, GA  30339
                          (404) 205-5029 (Tel.)
                          (404) 254-0842 (Tel.)
                          (866) 800-1482 (Fax)
                          js@wsjustice.com
                          aw@wsjustice.com

                          *Counsel for Plaintiff*